The Honorable Sandy Praeger State Senator, Second District State Capitol, Room 128-S Topeka, Kansas 66612-1504
Dear Senator Praeger:
You request our opinion regarding application of the victims' rights amendment found at article 15, section 15 of the Kansas constitution. Specifically, you question whether its provisions apply to municipalities and municipal court proceedings.
Article 15, section 15 provides in pertinent part:
 "(a) Victims of crime, as defined by law, shall be entitled to certain basic rights, including the right to be informed of and to be present at public hearings, as defined by law, of the criminal justice process, and to be heard at sentencing or at any other time deemed appropriate by the court, to the extent that these rights do not interfere with the constitutional or statutory rights of the accused.
 "(b) Nothing in this section shall be construed as creating a cause of action for money damages against the state, a county, a municipality, or any of the agencies, instrumentalities, or employees thereof. . . ." (Emphasis added).
The language of the amendment does not expressly exclude municipalities or municipal court proceedings from the application of its provisions. In fact, it appears to contemplate inclusion of municipalities by the underscored language. The statutory victims' bill of rights and crime victims' notification requirement do not expressly exclude municipalities or municipal court actions from their provisions either, notwithstanding the provision requiring notification be sent to addresses "known to the county or district attorney." K.S.A. 74-7335(c). The statutory definitions of "victim" and "public hearing" do not disclose any legislative intent to exclude municipalities or municipal court proceedings. K.S.A. 74-7333(b) and 74-7335(b)(1).
Further, we do not believe the legislature could define "victim" or "public hearing" to exclude municipal court proceedings in toto. While the constitutional provision allows the legislature to define those terms statutorily, any legislative definition would have to be reasonable in light of the commonly understood meaning of those terms. See ColoradoInterstate Gas Co. v. Board of County Comm'rs of Morton County,247 Kan. 654 (1990). To exclude all municipal court proceedings without regard to the offense would create a situation where a victim would be considered a victim if the crime is prosecuted in district court but not if the same exact crime is prosecuted in municipal court. We do not believe this would further the intent and purpose of the victims' rights amendment. See State ex rel. Frizzell v. Highwood Service, Inc.,205 Kan. 821 (1970) (in ascertaining meaning of a constitutional provision, courts should give consideration to what appears to have been the intendment and understanding of the people at the time of its adoption); Hunt v. Eddy, 150 Kan. 1 (1939) (constitutions are to be construed in the light of their purpose and should be given a practical interpretation, so that the plainly manifested purpose of those who created them may be carried out).
In conclusion, it is our opinion that the victims' rights amendment does not exclude municipalities or municipal court proceedings from its notification or other provisions.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm